# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MONROE ROOSEVELT PARKER, II,

    Plaintiff,

v.

DELAWARE UNCLAIMED PROPERTY and WISCONSIN UNCLAIMED PROPERTY,

    Defendants.

Case No. 23-CV-433-JPS

**ORDER**

    On April 3, 2023, Plaintiff Monroe Roosevelt Parker, II ("Plaintiff"), proceeding pro se, filed a complaint against Defendants Delaware Unclaimed Property ("DUP") and Wisconsin Unclaimed Property ("WUP") (together, "Defendants"). ECF No. 1. Plaintiff also filed a motion to proceed without prepayment of the filing fee. ECF No. 2. In order to allow Plaintiff to proceed without paying the filing fee, the Court must first decide whether Plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B). Upon screening a plaintiff's case, the Court must dismiss the case if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Order addresses Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

1.  **MOTION TO PROCEED IN FORMA PAUPERIS**

    A party proceeding pro se may file a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion

to proceed in forma pauperis. Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.,* 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997).

In making such a request, a pro se litigant must submit an affidavit including a statement of all assets possessed by the litigant as well as stating the nature of the action and the affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a). In order to qualify to proceed in forma pauperis, the pro se litigant need not be "absolutely destitute." *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). In forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972).

In his motion, Plaintiff avers that he is retired, with income from the Social Security Administration in the amount of $747 per month. ECF No. 2 at 1. Plaintiff has $60 in cash or in a checking or savings account. *Id.* at 2. Plaintiff owns his car, which he values at $900. *Id.* Plaintiff pays $920 in rent, $120 in transportation, $197 in utilities, and $60 in water/sewage per month.

On these representations, the Court accepts that Plaintiff is indigent and will grant his motion to proceed without prepayment of the filing fee. ECF No. 2. However, the inquiry does not end there; the Court must also screen the action.

## 2. SCREENING STANDARDS

A court may screen a pro se complaint prior to service on defendants to determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims on which relief can be granted. *See Richards v. HSBC Tech. & Servs. USA, Inc.*, 303 F. App'x 356, 357 (7th Cir. 2008). When a plaintiff requests leave to proceed in forma pauperis, the Court must screen the complaint. *See* 28 U.S.C. § 1915(e)(2). If the court finds any of the following, then the "court shall dismiss the case": the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.*

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*,

Page 3 of 11
Case 2:23-cv-00433-JPS   Filed 04/17/23   Page 3 of 11   Document 4

556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3.  **RELEVANT ALLEGATIONS**

Plaintiff is a citizen of Alabama. ECF No. 1 at 2. DUP is a citizen of Delaware with a principal place of business in Delaware. *Id.* WUP is a citizen of Wisconsin with a principal place of business in Wisconsin. *Id.*

Plaintiff avers that his cousin left an inheritance naming him as her sole beneficiary. *Id.* at 4. Plaintiff's cousin died in 1991. *Id.* According to Plaintiff, the funds originated in Wisconsin. *Id.* The unclaimed property was then sent to Delaware in 2001. *Id.* No one in Delaware or with DUP tried to contact Plaintiff. *Id.* Plaintiff only discovered the unclaimed property when his spouse ran his name in the DUP registry. *Id.*

On March 26, 2022 and on June 1, 2022, Plaintiff appears to have sent a claim for the unclaimed property to DUP. ECF No. 1-2 at 11–14, 20–23, 30–31. On May 20, 2022, DUP confirmed receipt of additional documentation from Plaintiff. *Id.* at 9–10. On August 2, 2022, DUP responded to Plaintiff's claim and requested that he provide additional information. *Id.* at 15, 24. On October 28, 2022, WUP informed Plaintiff that it was "in contact with the State of Delaware . . . on [his] claim and was told that this property was reported to them by the State of Wisconsin in 2001." *Id.* at 7. WUP also stated that data was no longer available, that "[i]f funds were sent to the State of Delaware, items pertaining to those funds were available to be claimed," and that "[t]he Unclaimed property unit transferred from the State Treasurer's office to the Department of Revenue around 2013." *Id.* Plaintiff

responded, "Thank you." *Id.* at 5. On October 5, 2022, WUP requested that Plaintiff send it all the documents he had about his cousin and the unclaimed property. *Id.* at 4. At some point, an entity (it is unclear which entity) informed Plaintiff that he had to prove whether the inheritance check was made out to him. ECF No. 1 at 4.

Plaintiff requests actual and punitive damages in the amount of $20 million for intentional infliction of emotional distress, "plus penalties and interest." *Id.* at 5.

4. **ANALYSIS**

To begin, the Court must assuage itself that it has jurisdiction over this action. Generally, federal courts can preside over cases in two situations: (1) where the action "aris[es] under the Constitution, laws, or treaties of the United States," and (2) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §§ 1331, 1332.

Plaintiff does not plead any federal claims, though federal claims related to, among others, return of property may be available. *See, e.g.*, *Temple-Inland, Inc. v. Cook*, 192 F. Supp. 3d 527, 541 (D. Del. 2016) (discussing viability of due process claim related to lack of notice as to unclaimed property); *see also Salvato v. Harris*, No. 21-CV-12706, 2022 WL 1224962, at *8–11 (D.N.J. Apr. 26, 2022) (discussing viability of due process and takings clams related to unclaimed property). To the extent Plaintiff wishes to add any federal claim(s), he should research the issue and add any plausible federal claim(s) in an amended complaint.

However, if Plaintiff wishes to proceed only on his state law claim for intentional infliction of emotional distress, for the Court to have jurisdiction over this case, "the matter in controversy [must] exceed[] the

sum or value of $75,000, exclusive of interest and costs, and [be] between . . . citizens of different States." 28 U.S.C. § 1332. Plaintiff is a citizen of Alabama, and Defendants are citizens of Delaware and Wisconsin. Plaintiff's only statement of damages is a steep request for $20 million in actual and punitive damages for intentional infliction of emotional distress.

"Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount." *Bell v. Preferred Life Soc'y*, 320 U.S. 238, 240 (1943); *see also LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008). Thus, "where punitive damages are relied upon to satisfy the amount in controversy requirement, the court must first determine whether punitive damages are recoverable under state law." *LM Ins. Corp.*, 533 F.3d at 551 (citations omitted). Second, if punitive damages are available under state law, "subject matter jurisdiction exists unless it is 'legally certain' that the plaintiff will be unable to recover the requisite jurisdictional amount." *Id.* (citations omitted).

Under Wisconsin law, punitive damages are available for intentional infliction of emotional distress where the conduct at issue "was outrageous, malicious and in reckless disregard of [the plaintiff's] rights." *Gianoli v. Pfleiderer*, 563 N.W.2d 562, 569 (Wis. Ct. App. 1997); *see also In re Larsen*, 422 B.R. 913, 921 (Bankr. E.D. Wis. 2010). As pleaded, Plaintiff's complaint lacks adequate allegations of outrageous, malicious, or reckless conduct. Therefore, as currently pleaded, punitive damages are unavailable for Plaintiff's claim. Compounding the issue, without an understanding of how much Plaintiff requests in actual damages, including *why* Plaintiff requests that amount, the Court cannot assess whether it is "legally certain" that

Plaintiff will be able to recover the requisite $75,000 jurisdictional amount. *LM Ins. Corp.*, 533 F.3d at 551.

Moreover, the Seventh Circuit and the U.S. Supreme Court teach that high ratios of punitive to actual damages may offend due process. *See Rainey v. Taylor*, 941 F.3d 243, 255 (7th Cir. 2019). "[F]ew awards exceeding a single-digit ratio" will satisfy due process. *Id.* (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)). Without any explanation of how much Plaintiff claims in actual versus punitive damages, the Court is unable to assess the ratio.

As to both of these issues, the Court will afford Plaintiff leave to amend his complaint. The Court will also afford Plaintiff leave to amend his complaint as to the timeline. Specifically, Plaintiff's action may be barred by the applicable three-year statute of limitations for intentional torts. Wis. Stat. § 893.57. The statute of limitations is tolled "until the plaintiff discovers or with reasonable diligence should have discovered that he or she has suffered actual damage." *Butler v. Schrieber*, 790 N.W.2d 543, ¶ 11 (Wis. Ct. App. 2010). Here, the statute of limitations for the intentional infliction of emotional distress claim was likely tolled until the date Plaintiff alleges his spouse input his name into DUP. However, Plaintiff does not plead what date that was.

Finally, the Court will afford Plaintiff leave to amend in order to plead the correct defendants. Under Wisconsin law, the correct defendant for a claim related to unclaimed property is the state treasurer. *See, e.g., Employers Ins. of Wausau v. Smith*, 453 N.W.2d 856, 857 (Wis. 1990). Similarly, in Delaware, courts substitute as defendants the secretary of finance, director of revenue, and/or state escheator in suits originally filed against

the state related to unclaimed property. *See, e.g.*, *Staples, Inc. v. Cook*, 35 A.3d 421, 422 n.1 (Del. Ch. 2012).

In the same vein, at this juncture, and without the benefit of more facts, the Court will permit Plaintiff to name defendants in both Wisconsin and Delaware in this suit. In *Texas v. New Jersey*, the U.S. Supreme Court adjudicated a dispute filed by the state of Texas against the states of New Jersey and Pennsylvania, as well as against a private corporation, regarding which state has jurisdiction to "take title to certain abandoned intangible personal property through escheat." 379 U.S. 674, 675 (1965). The *Texas* Court designed a "primary rule" and a "secondary rule." *Id.* at 682. Under the primary rule, unclaimed property is subject to escheat by the state of the last known address of the creditor. *Id.* at 682. Under the secondary rule, if there is no record of an address, the property is subject to escheat by the state of incorporation of the debtor. *Id.*

While the Court is unclear as to how incorporation ended up in the mix of the dispute in this case, at the pleadings stage, it gleans that this is how Delaware became involved. *Temple-Inland*, 192 F. Supp. 3d at 533 ("Delaware is legal home to a large share of the nation's corporations [and] . . . [a]s a result, Delaware receives a large share of all owner/address unknown abandoned property generated in the United States.") (internal citations omitted). Courts have determined that *Texas* applies to disputes between private parties and states, and have adjudicated situations where two states both claimed the same property. *Id.* at 532 n.1 & 549–50.[1] Without

---

[1] The U.S. Supreme Court's recent opinion in *Delaware v. Pennsylvania*, 143 S. Ct. 696 (2023) explained that the Federal Disposition Act supersedes *Texas* with regard to state entitlement to escheat "[w]here any sum is payable on a money order, traveler's check, or other similar written instrument (other than a third

the benefit of knowing precisely what happened to the property in this case, it would be premature to dismiss one defendant at this juncture.[2]

## 5. CONCLUSION

For the reasons stated herein, Plaintiff's motion for leave to proceed in forma pauperis is granted, and he is granted leave to amend his complaint. If Plaintiff elects to file an amended complaint it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915.

Any amended complaint must be filed on or before **May 17, 2023**. Failure to file an amended complaint within this time period will result in dismissal of this action without prejudice. The Court is enclosing a copy of its amended complaint form. Plaintiff should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in

---

party bank check) on which a banking or financial organization or a business association is directly liable." 12 U.S.C. § 2503. That situation is inapplicable here.

[2] Of course, should the Court later determine that a Wisconsin defendant should not be named, the Court retains the discretion to transfer the action to another district for the convenience of the parties and witnesses. 28 U.S.C. § 1404.

the amended pleading." *Id.* at 1057 (citation omitted). In other words, a piecemeal amendment is not permitted. If Plaintiff wishes to file an amended complaint, he must include *all* of the allegations and claims (including those from the original complaint) that he wishes to make, in a single filing without reference to other documents.

**The Court warns Plaintiff that if he fails to comply with this or any of the Court's orders, his case will be dismissed without further notice for failure to prosecute.**

Accordingly,

**IT IS ORDERED** that Plaintiff Monroe Roosevelt Parker, II's motion for leave to proceed in forma pauperis, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that on or before **May 17, 2023**, Plaintiff Monroe Roosevelt Parker, II submit an amended complaint using the provided form and in accordance with the instructions provided herein; and

**IT IS FURTHER ORDERED** that the Clerk of Court mail Plaintiff Monroe Roosevelt Parker, II a blank amended complaint form and a copy of the guide entitled "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 10 of 11
Case 2:23-cv-00433-JPS   Filed 04/17/23   Page 10 of 11   Document 4

Plaintiff will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.